THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANDRA D. SLATER, Defendant-Appellant.

Third District   No. 3—97—0351

Opinion filed April 30, 1999.

Tracy McGonigle, of State Appellate Defender's Office, of Chicago, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOMER delivered the opinion of the court:

The defendant, Andra D. Slater, was convicted of two counts of attempted first degree murder (720 ILCS 5/8—4(a), 9—1 (West 1996)) and two counts of aggravated battery with a firearm (720 ILCS 5/12—4.2 (West 1996)). The offenses were alleged to have occurred on October 30, 1996. He was sentenced to 18 years in prison on each of the four counts. The attempted murder sentences were to be served consecutively to one another, as were the aggravated battery with a firearm sentences. The two pairs of consecutive sentences were to be served concurrently. On appeal, the defendant contends that his aggravated battery with a firearm convictions should be vacated on one-act-one-crime principles and that application of the truth-in-sentencing law in this case is unconstitutional. Following our careful review, we agree with the defendant.

The defendant challenges the constitutionality of the truth-in-sentencing law. The Illinois Supreme Court recently held that Public Act 89—404 (Pub. Act 89—404, eff. August 20, 1995 (amending 730 ILCS 5/3—6—3 (West 1994)), which contained the truth-in-sentencing law, was adopted in violation of the single-subject rule contained in the Illinois Constitution. *People v. Reedy*, 186 Ill. 2d 1 (1999). As a consequence, the court held that Public Act 89—404 was unconstitutional in its entirety.

The State argues that Public Act 89—462 (Pub. Act 89—462, eff. May 29, 1996 (amending 730 ILCS 5/3—6—3 (West 1994))) cured the defects which rendered Public Act 89—404 unconstitutional. Public Act 89—462 added the crime of predatory criminal sexual assault of a child to the list of offenses covered by the truth-in-sentencing law. In doing so, Public Act 89—462 contained all of the truth-in-sentencing provisions of Public Act 89—404 without the discordant provisions that led to the demise of Public Act 89—404.

In support of its argument, the State cites *People v. Nicholson*, 299 Ill. App. 3d 256, 701 N.E.2d 517 (1998). In *Nicholson,* the Appellate Court, Fourth District, acknowledged that ordinarily the mere inclusion of disputed language within an amendatory act does not constitute a reenactment of the disputed language and thus a proper cure of alleged defects. To be considered curative legislation in most instances, the law must show, on its face, an intent by the General Assembly to correct the defects in a previous enactment. The court held, however, that the enactment of the truth-in-sentencing law presented an "unusual situation" in which the passage of Public Act 89—462 could be considered a reenactment of the truth-in-sentencing law.

■ A reading of *Reedy* reveals that the Illinois Supreme Court did not agree with the *Nicholson* court. In *Reedy*, the court said: "As the

State correctly asserts, the Illinois legislature has the power to enact curative legislation. [Citations.] We note, however, that such legislation must exhibit on its face evidence that it is intended to cure or validate defective legislation." *Reedy*, 186 Ill. 2d at 15. Later in its opinion, the court held that the defects in the truth-in-sentencing law were not cured until the passage of Public Act 90—592 (Pub. Act 90—592, eff. June 19, 1998 (amending 730 ILCS 5/3—6—3(a)(2) and adding 730 ILCS 5/3—6—3(e)). *Reedy*, 186 Ill. 2d at 17.

In *People v. Stewart*, 303 Ill. App. 3d 844 (1999), the Appellate Court, Fourth District, acknowledged that *Reedy* overruled *Nicholson sub silentio*. Five days after the court issued its decision in *Stewart*, the Illinois Supreme Court denied a petition for leave to appeal in *Nicholson* but ordered the appellate court to vacate its decision and reconsider the case in light of *Reedy*. *People v. Nicholson*, 153 Ill. 2d 587 (1999).

■ Here, the defendant's crimes occurred prior to June 19, 1998, the effective date of the curative legislation contained in Public Act 90—592. In accordance with *Reedy* and *Stewart*, therefore, we hold that the defendant's sentence is not subject to the truth-in-sentencing provisions of Public Acts 89—404 and 89—462. Accordingly, we hereby strike from the trial court's sentencing order all references to those provisions.

For the foregoing reasons, the judgment of the circuit court of Rock Island County is affirmed in part as modified and vacated in part.

Affirmed in part as modified and vacated in part.

HOLDRIDGE, P.J., and LYTTON, J., concur.