THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT A. WELLS, Defendant-Appellant.

Fifth District    No. 5—98—0746

Opinion filed November 9, 2000.

Daniel M. Kirwan and John H. Gleason, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

D. Brian Trambley, State's Attorney, of Vienna (Norbert J. Goetten, Stephen E. Norris, and Sharee S. Langenstein, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOPKINS delivered the opinion of the court:

Robert A. Wells (defendant) appeals from a judgment of conviction entered upon a jury verdict of guilty of the offense of armed violence (720 ILCS 5/33A—2 (West 1998)). The court sentenced defendant to 11 years' imprisonment. Defendant argues that his trial counsel provided ineffective assistance when he failed to offer instructions giving the jury the option of finding defendant guilty of armed violence with a bludgeon, which is a Class 2 felony, rather than with a shotgun, which is a Class X felony. Defendant also argues that he is entitled to a new sentencing hearing because the statute under which he was convicted has been held unconstitutional. We affirm defendant's conviction, we reverse his sentence, and we remand for a new sentencing hearing.

## FACTS

The charges against defendant stem from a March 8, 1998, incident in which defendant was alleged to have used a shotgun to severely beat the victim, James K. Goodpasture. Defendant was charged with armed violence predicated upon the offense of aggravated battery causing great bodily harm, attempted armed robbery, and aggravated battery causing great bodily harm. Prior to defendant's jury trial, the State nol-prossed the attempted armed robbery charge.

The evidence presented at the trial is not disputed. Witnesses claimed that defendant used his fists and the butt end of a shotgun to severely beat Goodpasture. The State introduced photographs of the shotgun and the victim. In a statement to police, defendant admitted that he beat Goodpasture with the shotgun.

The jury was instructed that "a person commits the offense of armed violence when he commits the offense of Aggravated Battery while he carries on or about his person or is otherwise armed with a shotgun." The jury was also instructed that, in order to sustain the charge of armed violence, the State would have to prove (1) that defendant committed aggravated battery and (2) that when he committed aggravated battery, he was carrying a shotgun on or about his person or was otherwise armed with a shotgun.

The jury found defendant guilty of armed violence and aggravated battery, but the trial court did not enter conviction on the aggravated battery charge, since it is a lesser-included offense of armed violence. The court noted that the armed violence count carried a minimum sentence of 10 years' imprisonment. On November 4, 1998, the court sentenced defendant to a term of 11 years' imprisonment.

## DISCUSSION

Defendant first argues that his attorney was ineffective for failing

to offer an instruction informing the jury that it could convict defendant of armed violence using a bludgeon rather than using a shotgun, since a conviction for armed violence with a bludgeon is a Class 2 felony, but armed violence with a shotgun is a Class X felony. Defendant argues that since he used the shotgun as a bludgeon, the jury should have been allowed to convict him of the lower-category offense of armed violence with a bludgeon. This argument fails because it is contrary to the plain words and the legislative intent of the armed violence statutes.

Interestingly, the State concedes a portion of this argument, although that concession is based upon a faulty interpretation of the statutes. The State agrees with defendant that, after defendant's conviction and sentencing, the Illinois Supreme Court issued its decision in *People v. Cervantes*, 189 Ill. 2d 80 (1999), ruling that Public Act 88—680, popularly known as the "Safe Neighborhoods Law," effective January 1, 1995 (amending 720 ILCS 5/33A—1, 33A—3 (West 1998)), violated the single-subject clause of the Illinois Constitution (Ill. Const. 1970, art. IV, § 8(d)). The State agrees with defendant that his conviction must be reduced to a Class 2 felony and that he is entitled to a new sentencing hearing, but the basis of State's argument is the unconstitutionality of the amendment to the statutes, rather than defendant's contention that a shotgun should be categorized as a bludgeon when it is used that way. Both defendant and the State are wrong.

■ The effect on defendant's conviction and sentence as a result of the ruling in *Cervantes* is that the law in force prior to the unconstitutional amendment controls.

> "The effect of enacting an unconstitutional amendment to a statute is to leave the law in force as it was before the adoption of the amendment." *People v. Gersch*, 135 Ill. 2d 384, 390 (1990).

When a statute is held unconstitutional, it is void *ab initio*, as if the unconstitutional law were never enacted. *Gersch*, 135 Ill. 2d at 390. Thus, when we consider the issue in the case at bar, *i.e.*, what is the effect of the unconstitutionality of the amendment to the armed violence statutes, our first task is to ascertain the law prior to the unconstitutional amendment.

■ At the time of defendant's trial and sentencing, the legislature defined one element of armed violence as follows: "A person is considered armed with a dangerous weapon *** when he or she carries on or about his or her person or is otherwise armed with a Category I, Category II, or Category III weapon." 720 ILCS 5/33A—1(a) (West 1998). Prior to the enactment of Public Act 88—680, the statute defined this element of armed violence in exactly the same words, except only category I and category II weapons were listed. 720 ILCS 5/33A—1(a) (West 1992).

At the time of defendant's trial and sentencing, the amended statutes defined a category I weapon as a handgun, sawed-off shotgun, sawed-off rifle, other firearm "small enough to be concealed upon the person," semiautomatic firearm, or machine gun. 720 ILCS 5/33A—1(b) (West 1998). The same statute defined a category II weapon as "any other rifle, *shotgun*, spring gun, other firearm, stun gun or taser ***, knife ***, *** axe, hatchet, or other deadly or dangerous weapon or instrument of like character." (Emphasis added.) 720 ILCS 5/33A—1(b) (West 1998). The statute defined a category III weapon as a "bludgeon, black-jack, slungshot, sand-bag, sand-club, metal knuckles, billy, or other dangerous weapon of like character." 720 ILCS 5/33A—1(c) (West 1998).

Prior to Public Act 88—680's amendments to the armed violence statute, only two categories of weapons were listed. Under the former version of the statute, a category I weapon was defined as "a pistol, revolver, rifle, *shotgun*, spring gun, or any other firearm, sawed-off shotgun, a stun gun or taser," and various kinds of knives. (Emphasis added.) 720 ILCS 5/33A—1(b) (West 1992). Under the former version, a category II weapon was defined as "a bludgeon, blackjack, slungshot, sand-bag, sand-club, metal knuckles, billy[,] or other dangerous weapon of like character." 720 ILCS 5/33A—1(c) (West 1992).

A violation of the armed violence statute in effect at the time of defendant's trial and sentencing, where the defendant was armed with a shotgun, then a category II weapon, was listed as a Class X felony with a minimum term of imprisonment of 10 years. 720 ILCS 5/33A—3(a—5) (West 1998). Under the former version of the sentencing statute, a conviction of armed violence with a shotgun, then categorized as a category I weapon, was also a Class X felony, but no minimum term of imprisonment was listed. 720 ILCS 5/33A—3(a) (West 1992). When no sentence is prescribed for a Class X felony, the sentence is not less than 6 years' and not more than 30 years' imprisonment. 730 ILCS 5/5—8—1(a)(3) (West 1998). The State's argument, that "defendant now stands convicted of a Class 2 felony, rather than a Class X offense for which he was originally charged," is erroneous. Under the law in effect prior to the enactment of Public Act 88—680, a conviction for armed violence with a shotgun, then a category I weapon, was a Class X felony carrying a sentence of imprisonment of 6 to 30 years. However, because the sentencing judge did not consider a sentence from 6 to 30 years' imprisonment but only a sentence with a minimum of 10 years' imprisonment, the proper course is to remand for resentencing. See *People v. Cosby*, 305 Ill. App. 3d 211 (1999).

■ Defendant's argument that his attorney was ineffective for failing to submit a jury instruction to allow the jury to convict defendant

of armed violence with a bludgeon is also meritless. The plain words of the statute provide that it is the presence of the weapon "on or about" defendant's person that is critical, not the manner in which it is used. 720 ILCS 5/33A—1(a) (West 1992). The statute defining the elements of the offense of armed violence was not amended by Public Act 88—680; therefore, the elements are the same now as they were at the time of defendant's trial: "A person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois Law." 720 ILCS 5/33A—2 (West 1992 & 1998).

The case law supports our conclusion that the manner in which the weapon is used does not matter under the armed violence statutes. In *People v. Stamos*, 214 Ill. App. 3d 895 (1991), the First District Appellate Court considered a defendant's argument that the State failed to prove the elements of the offense of armed violence because the evidence at the trial showed that the defendant had in his possession a sawed-off shotgun but that he was only trying to sell the gun and that he did not use it during the commission of the predicate felony, delivery of a controlled substance. *Stamos*, 214 Ill. App. 3d at 904.

The court in *Stamos* rejected the defendant's argument, stating that the mere presence of the proscribed weapon is sufficient and that the defendant need not actually use the weapon during the commission of the felony. *Stamos*, 214 Ill. App. 3d at 904, quoting *People v. Alejos*, 97 Ill. 2d 502, 508 (1983). The court in *Stamos* explained that the use of the weapon is not the deciding criterion, but what matters is that "the person carry the weapon on or about his person or be otherwise armed." *Stamos*, 214 Ill. App. 3d at 904-05. The court stated its reasoning as follows:

> "The purpose of the armed-violence statute is to deter a person who commits a felony offense from using a dangerous weapon. Because the availability of a dangerous weapon enhances the risk that a felony will have deadly consequences, the availability of the weapon is viewed as an aggravating factor which enhances the severity of the predicate felony." *Stamos*, 214 Ill. App. 3d at 905.

Since the purpose of the statute is to prevent the possession of dangerous weapons during the commission of a felony, it matters not how the weapon is used but only that it was in the defendant's possession. Here, defendant possessed a shotgun during the commission of an aggravated battery. His offense would be no different had he not used the shotgun while beating Goodpasture, so long as the shotgun was "on or about" his person during the commission of the aggravated battery. Therefore, just because the shotgun was used as a bludgeon does not change its categorization to a bludgeon for the purpose of the armed violence statutes.

Therefore, that defendant's attorney did not offer an instruction that the jury could find defendant guilty of armed violence with a bludgeon is irrelevant. Had such an instruction been offered, the trial court would have properly rejected it as contrary to the law. Unless an attorney's failings have materially prejudiced defendant, the court of review should reject an ineffective-assistance-of-counsel argument.

"The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 694, 80 L. Ed. 2d 674, 698, 104 S. Ct. 2052, 2068 (1984).

In the case at bar, there is no probability, reasonable or otherwise, that the jury could have found defendant guilty of armed violence with a bludgeon, when he was armed with a shotgun, not a bludgeon. Accordingly, we affirm defendant's conviction.

Our analysis of the first issue is also decisive of the second. Defendant is correct that he is entitled to a new sentencing hearing due to the trial court's finding that defendant could not be sentenced to a term of imprisonment of less than 10 years. On remand, the trial court is to consider a sentence of 6 to 30 years' imprisonment.

We affirm defendant's conviction, we reverse his sentence, and we remand for a new sentencing hearing.

Affirmed in part and reversed in part; cause remanded.

CHAPMAN and MAAG, JJ., concur.