THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MELODY T. BURDUNICE, Defendant-Appellant.

Third District   No. 3—01—0776

Opinion filed May 29, 2003.

Santiago A. Durango, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward D. Smith, State's Attorney, of Kankakee (John X. Breslin and Sabrina H. Henry, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SCHMIDT delivered the opinion of the court:

A jury found the defendant, Melody T. Burdunice, guilty of the unauthorized delivery of electronic contraband (cellular telephone batteries) into a penal institution by an employee (720 ILCS 5/31A—1.2(c)(1), (c)(4)(xi) (West 1998)). She was sentenced to 11 years' imprisonment. On appeal, the defendant argues that the act under which she was convicted, Public Act 89—688 (Pub. Act 89—688, eff. June 1, 1997), violates the single subject rule of the Illinois Constitution (Ill. Const. 1970, art. IV, § 8(d)). She contends, therefore, that her conviction is void. The State submits that (1) Public Act 89—688 does not violate the single subject rule; and (2) public acts passed by the legislature subsequent to Public Act 89—688, but prior to the defendant's offense, superceded it or cured it of any single subject violations it might have. We rule that Public Act 89—688 violates the single subject rule and, therefore, reverse the defendant's conviction.

## BACKGROUND

The defendant was a correctional officer for the Kankakee County sheriff's department. She was charged with delivering a handgun and cellular telephone batteries to an inmate at the Kankakee County Detention Center (jail) and aiding a second inmate's escape. She also was charged with official misconduct. The cellular telephone battery delivery offense was alleged to have occurred "on or between" November 1, 1999, and December 22, 1999.

The testimony at trial indicated that the defendant delivered cellular telephone batteries and a sealed package to an inmate in the jail. The defendant testified that she did not know what the package contained because it was sealed from the time she received it from a person outside the jail until she delivered it to the inmate. The package contained a handgun, which was used by another inmate in his escape. During the trial, a correctional officer testified that he was shot in the abdomen by the inmate during the escape.

The jury found the defendant not guilty of the other charges, but guilty of the cellular telephone battery delivery offense. She was sentenced and appealed.

## ANALYSIS

### I. Single Subject Rule

The defendant argues that the act under which she was convicted, Public Act 89—688 (Pub. Act 89—688, eff. June 1, 1997), violates the single subject rule.

■ The single subject rule requires that "[b]ills, except bills for appropriations and for the codification, revision or rearrangement of laws, shall be confined to one subject." Ill. Const. 1970, art. IV, § 8(d). On the one hand, courts must liberally construe the term "subject" in favor of upholding the constitutionality of an act. On the other hand, the matters included in an act must have a natural and logical connection to a single subject. There is no additional requirement, however, that the individual provisions of an act be related to each other. A reviewing court must determine whether (1) the act facially involves a legitimate single subject; and (2) the various provisions within the act all relate to that subject. *People v. Boclair*, 202 Ill. 2d 89 (2002). Our review of the constitutionality of a statute is *de novo*. *People v. Allen*, 335 Ill. App. 3d 773, 780 N.E.2d 1133 (2002).

The public act at issue in this case, Public Act 89—688, is titled "AN ACT in relation to criminal law." It consists of five sections: 0.5, 1, 1.7, 2, and 5. The sections respectively amend the following acts: (1) the State Employee Indemnification Act (5 ILCS 350/0.01 *et seq.* (West 1996)); (2) the Criminal Code of 1961 (720 ILCS 5/1—1 *et seq.* (West 1996)); (3) the Statewide Grand Jury Act (725 ILCS 215/1 *et seq.* (West 1996)); (4) the Violent Crime Victims Assistance Act (725 ILCS 240/1 *et seq.* (West 1996)); and (5) the Unified Code of Corrections (730 ILCS 5/1—1—1 *et seq.* (West 1996)).

Previously, the Illinois Appellate Court, Fourth District, held that Public Act 89—688 violates the single subject rule. *People v. Foster*, 316 Ill. App. 3d 855, 737 N.E.2d 1125 (2000). The *Foster* court noted that the majority of Public Act 89—688 related to the single subject of criminal law. The court observed that section 0.5 of Public Act 89—688, however, concerns an amendment to the State Employee Indemnification Act (Act). That act requires the Attorney General to represent State employees, under certain circumstances, in civil actions. Section 0.5 of Public Act 89—688 amended the Act to allow the Attorney General to file counterclaims in such cases.

The *Foster* court stated that Public Act 89—688 violates the single subject rule no matter how liberally construed. The court reasoned

that civil actions, and specifically counterclaims, bear no natural and logical relation to the criminal law. The court ruled, therefore, that Public Act 89—688 violates the Illinois Constitution.

In this case, the State argues that Public Act 89—688 does not violate the single subject clause. The State contends that correctional officers and other State employees who deal with criminal justice are covered by that portion of Public Act 89—688 that amends the Act. The State submits, therefore, that all of Public Act 89—688 concerns the single subject of the criminal justice system.

The *Foster* court rejected the same argument by the State. The court observed that the State's reasoning is specious. The court said that under the State's reasoning, a public act concerning the criminal law could contain agricultural provisions because the Department of Corrections (DOC) serves food to inmates. Such a bill could include income tax provisions because tax revenues fund the DOC. *Foster*, 316 Ill. App. 3d at 860, 737 N.E.2d at 1130.

■ Because we believe their analysis was logically sound in light of supreme court precedent, we must agree with the *Foster* court. The section of Public Act 89—688 that amends the Act concerns all State employees, not merely State employees whose work involves criminal law. Therefore, we concur with the *Foster* court's holding that Public Act 89—688 violates the single subject rule of the Illinois Constitution.

## II. Curative Legislation

The State contends that public acts passed by the legislature subsequent to the passage of Public Act 89—688 have superceded it or have cured it of any single subject violation it may have. According to the State, these public acts are Public Act 90—655 (Pub. Act 90—655, eff. July 30, 1998), and Public Act 91—357 (Pub. Act 91—357, eff. July 29, 1999). The State argues that the defendant was convicted under Public Act 91—357, which does not violate the single subject rule.

■ Curative legislation must facially exhibit the legislature's intent to cure or validate defective legislation. Public acts that do not facially exhibit such an intent do not cure legislation that violates the single subject rule. *People v. Reedy*, 186 Ill. 2d 1, 708 N.E.2d 1114 (1999); *People v. Slater*, 304 Ill. App. 3d 489, 714 N.E.2d 9 (1999).

■ In this case, neither Public Act 90—655 nor Public Act 91—357 facially exhibits the legislature's intent to cure the single subject violation of Public Act 89—688. Both Public Act 90—655 and Public Act 91—357 state facially that they are technical amendments and are not intended to make any substantive changes in the law. We, therefore, reject the State's contention that either Public Act 90—655 or Public

Act 91—357 cures or supercedes Public Act 89—688. Furthermore, we urge our State legislature to pass such curative legislation as soon as is practicable.

### III. Remedy

■ A public act that violates the single subject rule is unconstitutional in its entirety. *Reedy*, 186 Ill. 2d 1, 708 N.E.2d 1114. When a statute is held to be unconstitutional, the statute is void *ab initio*, as if the statute never were enacted. *People v. Wells*, 317 Ill. App. 3d 247, 739 N.E.2d 626 (2000).

■ In the instant case, the crime of supplying electronic contraband to an inmate by an employee was first enacted by Public Act 89—688. Because Public Act 89—688 violates the single subject rule, the statute under which the defendant was convicted is void. Although we are loath to do so because of the seriousness of the defendant's conduct and the shooting that resulted from that conduct, we must now reverse the defendant's conviction as a matter of law.

### CONCLUSION

For the foregoing reasons, we reverse the Kankakee County circuit court's judgment of conviction.

Reversed.

McDADE, P.J., and LYTTON, J., concur.